08 CV 03236

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,

                        Plaintiff,      08 CV

-v-

                        **VERIFIED COMPLAINT**

MMTREND LLC,
                        Defendant.
------------------------------------------------------------x

       Plaintiff, BIAGGIO SHIPHOLDING S.A. (hereinafter "BIAGGIO"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, MMTREND LLC (hereinafter "MMTREND"), alleges upon information and belief as follows:

### JURISDICTION

       1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

       2.     At all times material hereto, Plaintiff, BIAGGIO, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Marshall Islands.

       3.     At all times material hereto, Defendant, MMTREND, was and still is a foreign business entity duly organized and existing pursuant to the laws of Wyoming, with an office and principle place of business at 2123 Pioneer Avenue, Cheyenne, Wyoming 82001, U.S.A.

### FACTS AND CLAIM

4. On or about November 27, 2007, BIAGGIO, as owner of the M/V ARBALIST, and MMTREND, as charterer, entered into a voyage charter, for the carriage of certain steel products from Diliskelesi (Antintel), Turkey to Aden, Yemen.

5. The voyage charter agreement, memorialized on a "GENCON" charter party form, is a maritime contract.

6. On or about January 21, 2008, the M/V ARBALIST arrived at the discharge port of Aden, Yemen and commenced discharging of the steel cargo it loaded in Turkey.

7. On or about January 28, 2008, BIAGGIO was notified by the ship's agent that the receivers presented a claim for cargo damage (rust) and cargo shortage. The total amount of the two claims was US$1,106,880.

8. On or about February 4, 2008, the receivers arrested the vessel by Court Order.

9. On or about February 5, 2008, the receivers reduced their claim to US$885,398.00.

10. Despite MMTREND's obligations under the voyage charter agreement, MMTREND refused to respond to the claim presented by the receivers and BIAGGIO was forced to negotiate a settlement of the claim in order to obtain the release of the vessel, the M/V ARBALIST, from arrest.

11. On or about February 12, 2008, BIAGGIO remitted two (2) wire transfers to the receivers in full satisfaction of the claims presented. One transfer, in the amount of US$165,000.00, satisfied the claim regarding the damaged cargo (rust damage). The other transfer, in the amount of US$285,000.000, satisfied the claim regarding the

shortage of cargo. In summary, BIAGGIO was forced to pay the receivers US$450,000.00 to settle the claims presented by the receivers.

12. On or about February 12, 2008, the vessel was released from the arrest and sailed.

13. Pursuant to the terms of the voyage charter agreement, MMTREND was responsible, as charterer, for the loading, stowing, securing and lashing of the cargo, as well as the discharging of the cargo, free of any risk, liability and expense whatsoever to the Owners, BIAGGIO.

14. However, despite MMTREND's obligations pursuant to the voyage charter agreement, MMTREND has failed, neglected and/or otherwise refused to perform its obligations under the voyage charter agreement.

15. Despite BIAGGIO's repeated demands for payment of the receivers claims by MMTREND, in breach of the terms of the voyage charter agreement, MMTREND has failed, neglected and/or otherwise refused to pay plaintiff, BIAGGIO, US$450,000.00, the sum due and owing BIAGGIO.

16. Pursuant to the terms of the voyage charter-party, all disputes arising there under are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$100,000. BIAGGIO has demanded MMTREND to proceed to arbitration with this matter.

17. BIAGGIO's total claim against MMTREND, for the amounts paid to the receivers and legal fees, cost and interest is US$550,000.00.

## BASIS FOR ATTACHMENT

18. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

19. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendant, MMTREND, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

  A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

  B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $550,000.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

  C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
   April 1, 2008

          CHALOS, O'CONNOR & DUFFY, L.L.P.
          Attorneys for Plaintiff
          BIAGGIO SHIPHOLDING S.A.

     By: _____
          George M. Chalos (GC-8693)
          366 Main Street
          Port Washington, New York 11050
          Tel: (516) 767-3600
          Fax: (516) 767-3605
          Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,

                                     Plaintiff,                    08 CV

-v-

                                                                           **VERIFICATION OF**
                                                                           **COMPLAINT**

MMTREND LLC,

                                     Defendant.
------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, BIAGGIO SHIPHOLDING S.A., herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
April 1, 2008

                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                    Attorneys for Plaintiff
                    BIAGGIO SHIPHOLDING S.A.

By: _____
     George M. Chalos (GC-8693)
     366 Main Street
     Port Washington, New York 11050
     Tel: (516) 767-3600
     Fax: (516) 767-3605
     Email: gmc@codus-law.com