Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
MMTREND LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIAGGIO SHIPHOLDING S.A.,

Plaintiff,

-against-

MMTREND LLC,

Defendant.

08 Civ. 3236 (JGK)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SECURITY FOR COSTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 1

ARGUMENT .......... 3

A. THIS COURT HAS BROAD DISCRETION TO GRANT SECURITY FOR COSTS .......... 3

B. DEFENDANT'S REQUEST FOR $100,000 IN SECURITY AS COSTS, THE EXACT SAME AMOUNT SOUGHT BY PLAINTIFF, IS REASONABLE AND SHOULD BE GRANTED .......... 6

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

## CASES

*The APOLLON*, 22 U.S. (9 Wheat.) 362 (1824) .......... 9

*Fednav Int'l Ltd. v. Sunwoo Merchant Marine Co.*, 07 Civ. 3886 (DC), 2007 WL 3051669 (S.D.N.Y. Oct. 18, 2007) .......... 5

*Med-Asia Shipping Ltd. v. Cosco Beijing Int'l Freight Co.*, No. 07 Civ. 9624, 2008 WL 925331 (S.D.N.Y. Apr. 2, 2008) .......... 7, 8

*Pancoast Trading S.A. v. Eurograni S.R.L*, No. 07 Civ. 8581, 2008 WL. 190376 (S.D.N.Y. Jan. 22, 2008) .......... 7

*Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394 (2d Cir. 1995) .......... 3, 6, 7, 8

*Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS*, 409 F. Supp. 2d 316 (S.D.N.Y. 2005) .......... 4, 7

*The LAKE PACHUTA*, 56 F.2d 627 (S.D.N.Y. 1930), *aff'd* 60 F.2d 876 (2d Cir. 1932) .......... 5

*Ullises Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d 318 (S.D.N.Y. 2006) .......... 4, 5, 6

## STATUTES

Federal Rules of Civil Procedure 54(d) .......... 3

Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions .......... *passim*

Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions .......... *passim*

## PRELIMINARY STATEMENT

Defendant, Mmtrend LLC ("Mmtrend" or "Defendant"), respectfully submits this memorandum of law in support of its motion for costs against Plaintiff Biaggio Shipholding S.A. ("Biaggio" or "Plaintiff"), pursuant to Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which presents the following issue:

It is well settled that a district court has broad authority to require a party to post security for costs under Rule E(2)(b). When, as here, a defendant's monies have been attached pursuant to Rule B, and the plaintiff seeks attachment of its costs in connection with its Rule B application, should the Court balance the equities of the parties and grant the defendant security for costs in the same amount as that alleged to be reasonable by the plaintiff in its moving papers?

Mmtrend respectfully submits that the answer to the question above should be "yes," and that this Court should issue an order directing Biaggio to post security for costs in the amount of $100,000.00.

## STATEMENT OF FACTS

The following facts are relevant for Mmtrend's motion for costs. Biaggio and Mmtrend entered into a voyage charter agreement for the *M/V ARBALIST* (the "Vessel") on November 27, 2007. Affirmation of Michael J. Frevola ("Frevola Aff."), dated June 6, 2008, Ex. 1 (Biaggio's Verified Complaint), ¶ 4. Plaintiff alleges it is entitled to damages because of monies paid to the "receivers" of cargo aboard the Vessel, arising out of cargo damage and cargo shortage. *Id.*, Ex. 1, ¶¶ 7, 11. Plaintiff allegedly paid the "receivers" $450,000 to settle these claims; claims which comprise Plaintiff's Rule B attachment application. *Id.*, Ex. 1, ¶¶ 11, 18-19. In addition,

Biaggio seeks security for $100,000 in costs it may be entitled to should an arbitration panel in London rule in its favor. *Id.*, Ex. 1, ¶ 16. Specifically, Biaggio alleges:

> Pursuant to the terms of the voyage charter-party, all disputes arising there under [sic] are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best can be determined at this time, interest, costs, and legal fees incurred and to be incurred will be an amount of not less than US$100,000. BIAGGIO has demanded MMTREND to proceed to arbitration with this matter.

*Id.*

In its Verified Answer, Mmtrend has admitted the existence of the arbitration clause and the English choice of law provision. Frevola Aff., Ex. 2 (Mmtrend's Verified Answer dated June 4, 2008), ¶ 16. And while Mmtrend denies that it failed to perform its obligations under the voyage charter, it agrees that the merits of any dispute under the voyage charter should be decided in London arbitration; an arbitration it will fully participate in. *Id.*, Ex. 2, ¶ 14; Frevola Aff., ¶ 6. Further, after discussions with overseas counsel for Mmtrend, Biaggio's estimate for legal fees and costs associated with the London arbitration is not an unreasonable estimate of what it will cost Mmtrend's English counsel to defend against Biaggio's claims in the arbitration and pay all necessary costs associated with it. Frevola Aff., ¶ 7.

To date, Biaggio has attached $100,000.00 of Mmtrend's monies in connection with the Rule B action. Frevola Aff., ¶ 5.

**ARGUMENT**

The United States Court of Appeals for the Second Circuit and courts within this District have recognized that a defendant is permitted to seek costs as security under Rule E(2)(b). Here, Mmtrend has incurred, and will continue to incur, foreign attorneys' fees costs directly arising out of and related to Biaggio's claims in the London arbitration. As such, this Court should in its discretion order Biaggio to post security for said costs within ten days of its opinion and order. In the event that Biaggio refuses to comply with a costs order that might be issued, the attachment order against Mmtrend should be vacated.

**A. This Court Has Broad Discretion to Grant Security for Costs**

A defendant may seek security for costs in connection with the plaintiff's attachment of its property under Rule E(2)(b), which provides:

> Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

FED. R. CIV. P., SUPP. R. E(2)(b).

In *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 399 (2d Cir. 1995), the defendant sought Rule E(2)(b) security for costs, including attorneys' fees. *Id.* at 401. The Second Circuit opined that a "trial court has broad discretion to order a party to post security for costs." *Id.* The *Result Shipping* court nonetheless rejected the defendant's request because it failed to cite a "statutory or contractual provision[]" allowing attorneys' fees as costs. Thus, under the American Rule, "... these fees are not taxable as costs." *Id.* at 401-02.

This Court has also had the opportunity to consider a party's application for its costs and attorneys' fees arising under Rule E(2)(b). In *Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS,* 409 F. Supp. 2d 316, 324 n.3 (S.D.N.Y. 2005), the defendant sought attorneys' fees and costs under Rule E(7), and belatedly, under Rule E(2)(b), in connection with Hong Kong arbitration applying English law, per the terms of the charter. 409 F. Supp. 2d at 323-24 & n.3. The request was denied because of the Court's vacatur of the underlying attachment, a necessary predicate for Rule E(7) relief. *Id.* at 324. Nonetheless, in dicta, the Court also noted that the defendant should have sought relief under Rule E(2)(b), "which authorizes a court to require a party to give security to pay all costs and expenses that shall be awarded." *Id.* at 324 n.3.

In a case where a Rule B attachment was not vacated, Judge Scheindlin followed this Court's suggestion in *Seaplus* and required the plaintiff to post security for attorneys' fees. *Ullises Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d 318 (S.D.N.Y.2006). In *Ullises Shipping*, the plaintiff sought and was granted the right to security for its attorneys' fees arising out of litigation in London where English law was applied. 415 F. Supp. 2d at 328. The undersigned, representing counsel for the defendant in *Ullises Shipping*, conceded that the plaintiff would be entitled to its attorneys' fees under the prevailing party rule in English law, though found the plaintiff's support for its claimed amount lacking. *Id.* Judge Scheindlin found the plaintiff's request for attorneys' fees security appropriate and refused to vacate the attachment on those grounds. *Id.*

Judge Scheindlin further granted the undersigned's request for attorneys' fees security arising out of the London proceeding. *Id.* at 329. In so holding, the court found that the defendant's attorneys' fees in the London proceeding were "inextricably intertwined with the original transaction that is the subject of the London Litigation." *Id.* And the proof submitted of

the attorneys' fees to date was satisfactory, as the underlying hearing on the merits of the dispute had already taken place. *Id.* at 328-29.

Subsequent to *Ullises Shipping*, Judge Chin likewise held that defendant's motion for security for costs of London arbitration was well-founded. *See Fednav Int'l Ltd. v. Sunwoo Merchant Marine Co.*, 07 Civ. 3886 (DC), 2007 WL 3051669 (S.D.N.Y. Oct. 18, 2007). In *Fednav International*, the plaintiff argued that its having to post $300,000 in counter-security for costs was unjustified as the defendant' had counterclaimed for only $92,289.35. *Id.* at *1. Judge Chin accurately identified that the proper issue was not the amount of the counterclaim (indeed or whether a counterclaim existed), but rather the costs of defense that the defendant could be expected to incur in defending against the plaintiff's claim in London. *See id.* at *1-2. Accordingly, following the *Ullises Shipping* decision, Judge Chin found the costs claim to be "inextricably intertwined with the original transaction" and ordered the plaintiff to post counter-security for the defendant's costs in London arbitration. *Id.* at *2 (quoting *Ullises Shipping*, 415 F. Supp. 2d at 329).

Judge Hazel recognized nearly 80 years ago that "courts of admiralty act as courts of equity and according to what is just and right." *The LAKE PACHUTA*, 56 F.2d 627, 629 (S.D.N.Y. 1930), *aff'd* 60 F.2d 876 (2d Cir. 1932). Here, as discussed below, it is "just and right" under the circumstances of this case to grant Rule E(2)(b) security for costs in the amount of $100,000. As in *Ullises Shipping* and *Fednav International*, Mmtrend's attorneys' fees defense costs in London are "inextricably intertwined" with the voyage charter dispute that provides the basis for the London arbitration initiated by Biaggio.

**B. Defendant's Request for $100,000 in Security as Costs, the Exact Same Amount Sought by Plaintiff, is Reasonable and Should be Granted**

Biaggio has pled in its complaint that, "London arbitration provides that the prevailing party is entitled to interest costs and legal fees." Frevola Aff., Ex. 1, ¶ 16. Mmtrend agrees that the prevailing party is entitled to its attorneys' fees and costs in England under English law and Biaggio's estimate of $100,000 in attorneys' fees is not an unreasonable estimate for the London arbitration. Frevola Aff., ¶ 7.

Based on Biaggio's representations in its Verified Complaint, this Court issued an Order in support of Biaggio's Rule B application allowing the attachment of $550,000, $100,000 of which constituted non-merits based damages in the form of expected attorneys' fees and costs associated with London arbitration. *See* Frevola Aff., Ex. 3 (Order dated April 1, 2008). The Court, in its discretion, must have determined that Biaggio's $100,000 security estimate was not unreasonable. So, too, should this Court exercise its broad discretion in connection with Mmtrend's security for costs request which exactly mirrors the amount sought by Biaggio. *Result Shipping,* 56 F.3d at 401; *Ullises Shipping*, 415 F. Supp. 2d at 329.

In exercising its discretion in favor of granting the relief sought by Mmtrend, the Court should consider one of the fundamental principles for granting security in the context of another Supplemental Rule concerning maritime security, Rule E(7)(a),[1] which is "to place the parties on an equality as regards security." *Result Shipping,* 56 F.3d at 399. As with Rule E(2)(b) security requests, courts considering Rule E(7)(a) security requests have "broad discretion" in

[1] Supplemental Rule E(7)(a), provides:

> When a person who has given security for damages in the original action asserts a counter-claim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counter-claim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

FED. R. SUPP. P., SUPP. R. E(7)(a).

determining whether to order the posting of counter-security. *Id.* The notion of placing the parties on equal grounds "usually favors granting counter-security when a defendant whose property has been attached asserts non-frivolous counter-claims growing out of the same transaction . . . ." *Id.* at 399-400. In essence, the court must weigh "the burden of posting counter-security, against the potential injustice of requiring the defendant-counter-claimant to post security without affording reciprocal protection." *Id.* at 400. Judge Lynch of this District recently described the purpose behind the Rule E(7)(a) counter-security rule:

> The point of the rule is to make sure that when parties to the same transaction assert claims against each other arising from that transaction, the parties should both be fully secured, where possible, and neither should have the additional leverage of holding security, while the other must wonder if a judgment in its favor would ever be paid.

*Pancoast Trading S.A. v. Eurograni S.R.L*, No. 07 Civ. 8581, 2008 WL 190376, at *3 (S.D.N.Y. Jan. 22, 2008).

In the context of Rule E(2)(b), Mmtrend should similarly not have to wonder whether an award in its favor concerning prevailing-party attorneys' fees arising out of the London arbitration will be paid by Biaggio. *Cf. Seaplus*, 409 F. Supp. 2d. at 318 (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 385 F. Supp. 2d 726, 727-728 (S.D.N.Y. 2005)) (observing that maritime attachments are easier to obtain than pre-judgment attachments in other areas of the law because of, in part the "'transient nature of vessels and other assets in the shipping business.'").

Finally, one recent case has been found where Rule E(2)(b) security relief was denied, *Med-Asia Shipping Ltd. v. Cosco Beijing Int'l Freight Co.*, No. 07 Civ. 9624, 2008 WL 925331 (S.D.N.Y. Apr. 2, 2008). In *Med-Asia*, Judge Berman issued a short order denying the defendant's motion which was predicated on Rules E(2)(b) and E(7)(a). In so denying, the court

relied on *Result Shipping,* 56 F.3d at 401-02, in the context of the Rule E(2)(b) request, stating the defendant was not "entitled" to security for its costs, including attorneys' fees. 2008 WL 925331, at *2. Mmtrend respectfully submits the *Med-Asia* ruling should not be followed here. When considering Rule E(2)(b) requests for security for costs, it is not a matter of entitlement. The key determination is whether in the court's broad discretion, taking into account the circumstances of the case and what the plaintiff has requested in its moving papers, security for costs is appropriate. *Result Shipping,* 56 F.3d at 401.

Here, Mmtrend is seeking the exact same amount of security Biaggio sought in its Rule B application, $100,000, in connection with the costs of London arbitration which include attorneys' fees under English law per the voyage charter party. This is a reasonable and fair request in order to put the parties on equal footing as to this issue, as Judge Scheindlin did in *Ullises Shipping* and Judge Chin did in *Fednav International.* This is also consistent with what Mmtrend submits is a purpose behind Rule E(2)(b). In the Advisory Committee Note to Rule E(2)(b), it is stated that "[t]he rule is based on the assumption that there is not more need for security for costs in maritime personal actions than in civil cases generally, ***but that there is reason to retain the requirement for actions in which property is seized***." Advisory Comm. Note 1966 (emphasis added). A "reason" to allow costs to be recovered in an action "where property is seized" is to ensure the parties are on equal footing. If the defendant's property is seized, as Mmtrend's has been here, then Biaggio should also have its property similarly held in escrow to the extent it itself acknowledges that the costs sought/are appropriate under English law.

As the Supreme Court noted in *The APOLLON*, an non-Rule E(2)(b) action where a party suffered damages for the wrongful seizure of its vessel, it is in the courts "sound discretion to

allow or refuse" an attorneys' fees request. 22 U.S. (9 Wheat.) 362, 379, 6 L. Ed. 111 (1824). Counsel fees were awarded in that case, with the Supreme Court stating, "[i]t is the common course of the Admiralty, to allow expenses of this nature [attorneys' fees], either in the shape of damages, ***or as part of the costs***." *Id.* (emphasis added). Mmtrend does not of course seek the awarding of attorneys' fees as costs as the London arbitration will decide whether attorneys' fees are appropriate. But ***security*** for costs under Rule E(2)(b) is reasonable when Biaggio has sought and obtained the exact same relief in this action.

## CONCLUSION

For the foregoing reasons, Mmtrend respectfully requests that this Court exercise its broad discretion and grant its motion for security for costs under Rule E(2)(b) in the amount of $100,000, and award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 6, 2008

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: ______________________

Michael J. Frevola
Christopher R. Nolan
195 Broadway
New York, New York 10007
(212) 513-3200
michael.frevola@hklaw.com
*Attorneys for Defendant Mmtrend LLC*

# 5373539_v1