Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
MMTREND LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIAGGIO SHIPHOLDING S.A.,<br><br>Plaintiff,<br><br>-against-<br><br>MMTREND LLC,<br><br>Defendant. | 08 Civ. 3236 (JGK)<br><br>**AFFIRMATION OF**<br>**MICHAEL J. FREVOLA** |

MICHAEL J. FREVOLA, an attorney admitted to practice in the State of New York, affirms under penalty of perjury:

1. I am a member of the bar of this Court and of the law firm of Holland & Knight LLP, attorneys for Defendant, Mmtrend LLC ("Mmtrend" or "Defendant"). I make this affirmation for the convenience of the Court and in support of Mmtrend's motion for an Order, pursuant to Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule"), directing that Plaintiff Biaggio Shipholding S.A. ("Biaggio" or "Plaintiff"), provide security to Defendant Mmtrend LLC for its attorneys' fees

costs in connection with London arbitration. I make this affirmation on the basis of my personal knowledge, or, where indicated, on information provided to me.

2. Attached hereto as Exhibit 1 is a true and correct copy of Biaggio's Verified Complaint dated April 1, 2008.

3. Attached hereto as Exhibit 2 is a true and correct copy of Mmtrend's Verified Answer dated June 4, 2008.

4. Attached hereto as Exhibit 3 is a true and correct copy of the Court's Order of Attachment dated April 1, 2008.

5. I am informed that Biaggio has attached $100,000.00 of Mmtrend's monies in connection with this Court's Order of Attachment.

6. Mmtrend agrees that the merits of any dispute between the parties under the voyage charter of the M/V ARBALIST dated November 27, 2007 should be decided in London arbitration and that it will fully participate it.

7. I have spoken with overseas counsel for Mmtrend regarding Biaggio's estimate for legal fees and costs associated with the London arbitration, and have been advised that Biaggio's estimate is not an unreasonable estimate of what it will cost Mmtrend's English counsel to defend against Biaggio's claims in the arbitration and pay all necessary costs associated with it.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 6, 2008.

MICHAEL J. FREVOLA

# EXHIBIT 1

JUDGE KOELTL

08 CV 03236

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,

                        Plaintiff,      08 CV

-v-

**VERIFIED COMPLAINT**

MMTREND LLC,

                      Defendant.
------------------------------------------------------------x

RECEIVED APR 0 1 2008 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, BIAGGIO SHIPHOLDING S.A. (hereinafter "BIAGGIO"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, MMTREND LLC (hereinafter "MMTREND"), alleges upon information and belief as follows:

## JURISDICTION

      1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.    At all times material hereto, Plaintiff, BIAGGIO, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Marshall Islands.

      3.    At all times material hereto, Defendant, MMTREND, was and still is a foreign business entity duly organized and existing pursuant to the laws of Wyoming, with an office and principle place of business at 2123 Pioneer Avenue, Cheyenne, Wyoming 82001, U.S.A.

## FACTS AND CLAIM

4. On or about November 27, 2007, BIAGGIO, as owner of the M/V ARBALIST, and MMTREND, as charterer, entered into a voyage charter, for the carriage of certain steel products from Diliskelesi (Antintel), Turkey to Aden, Yemen.

5. The voyage charter agreement, memorialized on a "GENCON" charter party form, is a maritime contract.

6. On or about January 21, 2008, the M/V ARBALIST arrived at the discharge port of Aden, Yemen and commenced discharging of the steel cargo it loaded in Turkey.

7. On or about January 28, 2008, BIAGGIO was notified by the ship's agent that the receivers presented a claim for cargo damage (rust) and cargo shortage. The total amount of the two claims was US$1,106,880.

8. On or about February 4, 2008, the receivers arrested the vessel by Court Order.

9. On or about February 5, 2008, the receivers reduced their claim to US$885,398.00.

10. Despite MMTREND's obligations under the voyage charter agreement, MMTREND refused to respond to the claim presented by the receivers and BIAGGIO was forced to negotiate a settlement of the claim in order to obtain the release of the vessel, the M/V ARBALIST, from arrest.

11. On or about February 12, 2008, BIAGGIO remitted two (2) wire transfers to the receivers in full satisfaction of the claims presented. One transfer, in the amount of US$165,000.00, satisfied the claim regarding the damaged cargo (rust damage). The other transfer, in the amount of US$285,000.000, satisfied the claim regarding the

shortage of cargo. In summary, BIAGGIO was forced to pay the receivers US$450,000.00 to settle the claims presented by the receivers.

12. On or about February 12, 2008, the vessel was released from the arrest and sailed.

13. Pursuant to the terms of the voyage charter agreement, MMTREND was responsible, as charterer, for the loading, stowing, securing and lashing of the cargo, as well as the discharging of the cargo, free of any risk, liability and expense whatsoever to the Owners, BIAGGIO.

14. However, despite MMTREND's obligations pursuant to the voyage charter agreement, MMTREND has failed, neglected and/or otherwise refused to perform its obligations under the voyage charter agreement.

15. Despite BIAGGIO's repeated demands for payment of the receivers claims by MMTREND, in breach of the terms of the voyage charter agreement, MMTREND has failed, neglected and/or otherwise refused to pay plaintiff, BIAGGIO, US$450,000.00, the sum due and owing BIAGGIO.

16. Pursuant to the terms of the voyage charter-party, all disputes arising there under are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$100,000. BIAGGIO has demanded MMTREND to proceed to arbitration with this matter.

17. BIAGGIO's total claim against MMTREND, for the amounts paid to the receivers and legal fees, cost and interest is US$550,000.00.

## BASIS FOR ATTACHMENT

18. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

19. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendant, MMTREND, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $550,000.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       April 1, 2008

                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                                    Attorneys for Plaintiff
                                    BIAGGIO SHIPHOLDING S.A.

                            By:     _____
                                    George M. Chalos (GC-8693)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel: (516) 767-3600
                                    Fax: (516) 767-3605
                                    Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,

                        Plaintiff,          08 CV

-v-

                                            **VERIFICATION OF COMPLAINT**

MMTREND LLC,

                        Defendant.
-----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.    I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, BIAGGIO SHIPHOLDING S.A., herein;

       2.    I have read the foregoing Verified Complaint and know the contents thereof; and

       3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       April 1, 2008

                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                                    Attorneys for Plaintiff
                                    BIAGGIO SHIPHOLDING S.A.

By: _____
                                    George M. Chalos (GC-8693)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel: (516) 767-3600
                                    Fax: (516) 767-3605
                                    Email: gmc@codus-law.com

**EXHIBIT 2**

Micheal J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
MMTREND LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIAGGIO SHIPHOLDING S.A.,<br><br>                Plaintiff,<br><br>          -against-<br><br>MMTREND LLC,<br><br>               Defendant. | 08 Civ. 3236 (JGK)<br><br>**VERIFIED ANSWER** |

    NOW COMES Defendant, Mmtrend LLC ("Mmtrend" or "Defendant"), by and through its attorneys, Holland & Knight LLP, answering the Verified Complaint of Plaintiff Biaggio Shipholding S.A. ("Biaggio" or "Plaintiff"), and respectfully alleges as follows:

    1.    Admits the allegations set forth in paragraph "1" of the Verified Complaint.

    2.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Verified Complaint.

    3.    Admits the allegations set forth in paragraph "3" of the Verified Complaint.

    4.    Admits the allegations set forth in paragraph "4" of the Verified Complaint.

5. Admits that the voyage charter agreement was on the GENCON form, but denies the remainder of Plaintiff's allegations set forth in paragraph "5" of the Verified Complaint as legal conclusions.

6. Admits the allegations set forth in paragraph "6" of the Verified Complaint.

7. Denies knowledge of information sufficient to admit or deny the allegations set forth in paragraph "7" of the Verified Complaint.

8. Denies knowledge of information sufficient to admit or deny the allegations set forth in paragraph "8" of the Verified Complaint.

9. Denies knowledge of information sufficient to admit or deny the allegations set forth in paragraph "9" of the Verified Complaint.

10. Deny the allegations set forth in paragraph "10" of the Verified Complaint.

11. Denies knowledge of information sufficient to admit or deny the allegations set forth in paragraph "11" of the Verified Complaint.

12. Denies knowledge of information sufficient to admit or deny the allegations set forth in paragraph "12" of the Verified Complaint.

13. Denies the allegations set forth in paragraph "13" of the Verified Complaint.

14. Denies the allegations set forth in paragraph "14" of the Verified Complaint.

15. Admits that Biaggio has demanded that Mmtrend pay it for claimed damages arising out of the M/V ARBALIST voyage charter, but denies the remainder of the allegations set forth in paragraph "15" of the Verified Complaint.

16. Admits that the voyage charter speaks for itself with regard to arbitration, but denies the remainder of the allegations set forth in paragraph "16" of the Verified Complaint.

17. Denies the allegations set forth in paragraph "17" of the Verified Complaint.

18. Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "18" of the Verified Complaint.

19. Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "19" of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT MMTREND STATES:

20. The Verified Complaint fails to state a cause of action upon which relief may be granted.

21. Mmtrend is not liable to Biaggio on the causes of action alleged in the Verified Complaint.

22. This Courts lacks *in personam* jurisdiction over Defendant.

23. This Court lacks *quasi in rem* jurisdiction over Defendant.

24. Biaggio has improperly and/or insufficiently served process on Mmtrend.

25. Biaggio's claims are not ripe for adjudication and should be dismissed.

26. Biaggio's claims are barred by the equitable doctrine of unclean hands.

27. Any damages sustained by Biaggio, as alleged in the Verified Complaint, were proximately caused by the negligent acts of third persons whom Defendant has no direction or control.

28. Biaggio is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

29. Biaggio's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

30. Biaggio has failed to mitigate its damages.

31. This Verified Answer is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant Mmtrend LLC respectfully requests that this Court dismiss the Plaintiff's Verified Complaint against the Defendant with prejudice and grant Mmtrend LLC such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 4, 2008

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Defendant Mmtrend LLC*

TO: Chalos, O'Connor & Duffy, L.L.P.
George M. Chalos, Esq.
366 Main Street
Port Washington, New York 11050
*Attorneys for Plaintiff*

4

## VERIFICATION

STATE OF NEW YORK       )
                        :ss.:
COUNTY OF NEW YORK      )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Mmtrend LLC ("Mmtrend"), defendant in the foregoing action. I have read the foregoing Verified Answer and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Mmtrend and corresponded with Mmtrend's representatives regarding this matter. I am authorized by Mmtrend to make this verification, and the reason for my making it as opposed to an officer or director of Mmtrend is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
4th day of June, 2008

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 5373431_v1

5

# EXHIBIT 3

08 CV 03236

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,

                    Plaintiff,                08 CV

    -v-
                                               ORDER FOR ISSUANCE
                                               OF PROCESS OF MARITIME
                                               ATTACHMENT AND
                                               GARNISHMENT
MMTREND LLC,
                    Defendant.
------------------------------------------------------------x
```

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 4/3/08 |

Upon reading the Verified Complaint for issuance of Process of Maritime Attachment and Garnishment, and the Declaration of George M. Chalos, Esq., attached thereto, and the Court finding that the conditions for issuance of a Process of Maritime Attachment and Garnishment in accordance with Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure appear to exist, it is this ___ day of April, 2008, by the United States District Court for the Southern District of New York,

**NOW,** upon application of *Chalos, O'Connor & Duffy, LLP*, attorneys for the Plaintiff, it is hereby,

**ORDERED,** that the Clerk of this Court shall issue Process of Maritime Attachment and garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, including funds, assets, cash, goods, chattels, credits, effects, debts owned by or owed to defendant or monies to be paid to discharge a debt owed to the defendant, debts to be paid to the defendant under letters of credit, and/or monies to be paid to discharge a debt owed from the defendant, including monies being electronically transferred by or to defendant and including, but not limited to any such assets as may be in the possession or control of, or being transferred through any

garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s): ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS, or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount, up to US $550,000.00, as per Supplemental Rule E (5), plus interest and costs; and it is further,

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further,

**ORDERED,** that pursuant to Fed. R. Civ. P., Supplemental ~~Rules for Certain~~ Admiralty and Maritime ~~Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment~~ may be served by any person, who is not less than 18 years old, and who is not a party to this action; and it is further

**ORDERED,** that additional supplemental Process enforcing the Court's Order as against additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the defendant within this District may be issued by the Clerk upon application without further order of the Court; and it is further,

**ORDERED**, that service of the Process of Maritime Attachment and Garnishment on any garnishee(s) (i.e. any original garnishee named herein or any other garnishee later discovered) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment and, additionally, shall be made via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served.

Dated: New York, New York
       April _1_, 2008

SO ORDERED:

_____
U. S. D. J.

3