UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,
        Plaintiff,       08 CV 3236 (JGK)
-v-

MMTREND LLC,

        Defendant.
--------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SECURITY FOR COSTS

**COMES NOW,** Plaintiff, BIAGGIO SHIPHOLDING S.A., by and through undersigned counsel, who for the reasons more fully set forth below and the accompanying Declaration of Soto Skinitis, Esq., respectfully submits that Defendant, MMTREND LLC's motion to obtain security for costs is without merit.

### RELEVANT FACTS

On or about November 27, 2007, BIAGGIO, as owner of the M/V ARBALIST, and MMTREND, as charterer, entered into a Gencon voyage charter agreement for the carriage of certain steel products from Diliskelesi (Antintel), Turkey to Aden, Yemen. *See* Skinitis Declaration, at paras.6-7. The Gencon voyage charter party agreement is a maritime contract. *See* Skinitis Declaration, at para. 8. On January 21, 2008, the M/V ARBALIST arrived at the discharge port of Aden, Yemen and commenced discharging of the steel cargo loaded in Turkey. *See* Skinitis Declaration, at para. 9. On January 28, 2008, BIAGGIO was notified by the ship's agent that the cargo receivers had presented a claim for damage (rust) and shortage. *See* Skinitis Declaration, at para. 10. The total amount of the two (2) claims was US$1,106,880. *See* Skinitis Declaration, at para. 11.

On February 4, 2008, the receivers arrested the vessel by Court Order and the following day, the receivers reduced their claim to US$885,398.00. *See* Skinitis Declaration, at para. 12. Despite MMTREND's express contractual obligations under the voyage charter agreement,[1] MMTREND refused to respond to the claim presented by the receivers and BIAGGIO was forced to negotiate a settlement of the claim in order to obtain the release of the vessel arrest. *See* Skinitis Declaration, at para. 13. On or about February 12, 2008, BIAGGIO paid US$450,000.00 to settle the claims and to get the vessel released from arrest. *See* Skinitis Declaration, at paras. 14-15. Since such time, and despite due demand for same, MMTREND has failed, neglected and/or otherwise refused to pay Plaintiff, US$450,000.00, the underlying sum due and owing, plus interest, costs and expenses, which continue to accrue daily. *See* Skinitis Declaration, at paras. 17-19.

## DEFENDANT'S MOTION SEEKING TO COMPEL PLAINTIFF TO PROVIDE COUNTERSECURITY IS WITHOUT MERIT

### A. Defendant is not entitled to countersecurity under Supplemental Rule E(7)(a) for costs to be incurred in defending BIAGGIO's claims in London arbitration.

Supplemental Rule E(7)(a) provides:

> *When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.*

Fed. R. Civ. P., Supp. R. E(7)(a)

---

[1] Pursuant to the terms of the voyage charter agreement, MMTREND was responsible for the loading, stowing, securing and lashing of the cargo, as well as the discharging of the cargo, free of any risk, liability and expense whatsoever to Plaintiff, BIAGGIO. *See* Skinitis Declaration, at para. 16.

In order to be entitled to countersecurity, Supplemental Rule E(7)(a) expressly and unambiguously requires the defendant to have asserted a "counterclaim" arising from the transaction. Such language could not be more express and unambiguous. For the reasons more fully set forth below, it is respectfully submitted that the Court should not allow itself to be persuaded to look for an alternative meaning or read into the statute anything beyond the clearly written rule.

It is axiomatic to state that where the language of a statute is plain, a court need not proceed any further. *See* Daniel v. Am Bd. Of Emergency Med., 428 F.3d 408, 423 (2d Cir 2005)(citations omitted); *See also* Freier v. Westinghouse Elec. Corp., 303 F.3d 176, 197 (2d Cir. 2002). Here, defendant has failed to assert a counterclaim and does not meet the most basic threshold requirement necessary to invoke Supplemental Rule E(7)(a). A defendant to a Rule B maritime attachment action may not obtain countersecurity for its litigation expenses *unless* and until it has asserted a proper counterclaim in the underlying proceeding. In fact, MMTREND does not even allege that it would have a counterclaim against Plaintiff in the London arbitration. *See* Skinitis Declaration, paras. 19-20. Rather, Defendant has simply argued that its "*overseas counsel*"[2] has advised that USD 100,000 "*is not an unreasonable estimate of what it will cost MMTrend's English counsel to defend Biaggio's claims in the arbitration and pay all necessary costs associated with it.*"

The overwhelming weight of authority among courts in this Circuit, and in other circuits, requires this Honorable Court to screen out frivolous claims upon review of a

---

[2] It is interesting that the defendant's U.S. counsel has made a distinction between MMTREND's "overseas counsel" and its "English counsel;" both of whom are unidentified and neither of whom having submitted any declaration or other evidence in support of Defendant's motion.

motion under Rule E (7). *See* Front Carriers Ltd. V. Transfield Er Cape Ltd. et. al., 2007 U.S. Dist. LEXIS 85177, at. *5; *See also* Finecom Shipping Ltd. v. Multi Trade Enterp. AG, No. 05 Civ.6695 (GEL), 2005 Dist. LEXIS 25761, 2005 WL 2838611, at *1 (S.D. N.Y. Oct. 25, 2005(Lynch, J.); Starboard Venture Shipping, Inc. v. Casinomar Transp. Inc., No. 93 Civ 0644 (SS), 1993 U.S. Dist. LEXIS 15891, 1993 WL 464686, at *6 (S.D.N.Y. Nov. 9, 1993)("Courts have considered whether counterclaims might be frivolous before deciding to order countersecurity.")(Sotomayor, J.); *see also* Afram Lines Int'l, Inc. v. M/V Capetan Yiannis, 905 F.2d 347, 350 (11th Cir. 1990)("The Court should consider, if applicable, . . the extent to which the counterclaim may be deemed frivolous."); Titan Nav. Inc. v. Timsco, Inc., 808 F.2d 400.404 (5th Cir. 1987)("The court should not require countersecurity where the counterclaim is frivolous or so lacking in merit that the court can only conclude that the counterclaim was advanced solely to secure a negotiating advantage over the complainant."). "The premise that countersecurity will not be required on the basis of frivolous claims is a sound one." *See* Finecom Shipping Ltd., *supra,* at *3-4. Here, defendant has not alleged any counterclaim. *See* Skinitis Declaration, at paras. 19-20.

Additionally, it is clear that a Rule B defendant, such as MMTREND, is not entitled to countersecurity for the future costs it may incur defending a Plaintiff's affirmative indemnity claim. *See* Med-Asia Shipping Ltd., v. Cosco Beijing International Freight Co., Ltd. 2008 WL 925331 (S.D.N.Y. 2008); Aifos Trade SA v. Midgulf International Ltd., No. 06 Civ. 203 (S.D.N.Y. 2006) ("countersecurity is to cover only the "damages demanded in the counterclaim" (emphasis added)); Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS, 409 F. Supp. 2d 316, 324, (a matter in which, like here, the

4

defendant asserted "no counterclaim...but only a request for costs and attorneys' fees," the Court found that the defendant could not avail itself of Supplemental Rule E(7)(a)).

Accordingly, it is respectfully requested that this Honorable Court enter an Order denying in all respects defendant's motion for countersecurity in all respects.

### b.  Defendant is not entitled to security for its claims under Supplemental Rule E(2)(b) for its anticipated costs to defend BIAGGIO's claims in London arbitration.

MMTREND has also improperly requested the Court to grant its request on the basis of Rule E(2).  Specifically, Rule E(2)(b) provides:

> (b) Security for Costs.
>
> Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.
>
> Fed. R. Civ. P., Supp. R. E(2)(b).

It is glaring that MMTREND has failed to identify any contractual clause, applicable statute or other common law authority for the proposition that Defendant is, somehow, entitled to obtain security for its potential future defense costs.  The "well established 'American Rule' applicable in the federal courts . . [is that] the prevailing party may not recover attorney's fees from the loser, absent statutory or contractual provisions to the contrary."  See Med-Asia Shipping Ltd., supra; See also, Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56 F. 3d 394 (2d Cir. 1995)(Court found that the defendant did not point to a federal statute that authorized awards of attorney's fees to a prevailing defendant in a maritime case and could not obtain an award

of attorney's fees because the litigation had been initiated by attachment). Here,

Defendant has failed to offer any declaration or other evidence from a qualified English

solicitor in support of its purported entitlement to obtain countersecurity. This failure is

not an oversight. Rather, there is simply no support for the position advanced by

Defendant. *See* Skinitis Declaration, at para. 21. As more fully set forth in the

accompanying declaration of Plaintiff's solicitor, Soto Skinitis, Esq., the correct forum

for Defendant to bring such an application is in London Arbitration. Under applicable

law and procedure, the Defendant would be required to make an application to the

tribunal, which BIAGGIO would have an opportunity to oppose. Unless and until

Defendant makes a compelling showing that Defendant would not otherwise be able to

recover its costs in the event it successfully defended BIAGGIO's claim, Defendant

would not be entitled to the remedy it has asked this Court to provide. *See* Skinitis

Declaration, at paras. 21.

Moreover, under factual circumstances similar to those presented here, in Med-
Asia Shipping Ltd., v. Cosco Beijing International Freight Co., Ltd. 2008 WL 925331
(S.D.N.Y. 2008)[3], Judge Berman found that, absent the presentation of a counterclaim,

the Rule B defendant should not be granted security for costs, including attorney's fees,

under Supplemental Rule E(2)(b). Specifically, Judge Berman wrote:

> \* \* \*
>
> **III Analysis**
>
> **(1) Rule E(2)(b)**
>
> Defendant argues that "Rule E(2)(b) offers . . . [a]
> remedy to achieve an equitable balance in cases

---

[3] For the Court's ready reference, a true and complete copy of Judge Berman's decision is attached hereto as Exhibit "A."

where, as here, the [D]efendant's counterclaim consists of 'costs,' which includes attorney's fees, as that term is used in . . Hong Kong." Plaintiff counters that the United States Court of Appeals for the Second Circuit in <u>Result Shipping</u> "denied a similar request for security for attorney's fees."

Defendant is not entitled to security for costs, including attorney's fees, under Supplemental Rule E(2)(b) in this case. <u>Result Shipping</u>, 56 F.3d at 402-02. Under the "well established 'American Rule' applicable in federal courts . . . the prevailing party may not recover attorney's fees from the loser, absent statutory or contractual provisions to the contrary." *Id.* Although foreign "rules of practice with respect to attorney's fees . . . [may require] an attaching plaintiff to post an undertaking to pay the defendant all costs and damages . . if it is ultimately determined that the plaintiff was 'not entitled to' the [maritime] attachment," such rules "are not applicable in federal court." *Id.* At 401 n.4

\* \* \*

**IV Conclusion and Order**

For the reasons stated above, the Court denies Defendant's motion.

*Id.*

Judge Berman's decision is not alone. *See* Judge Hellerstein's decision in <u>Daeyang Shipping Co. Ltd. v. Flame S.A.</u>, 05 Civ 7522 (AKH) issued May 10, 2006, a copy of which is attached as Exhibit "B"; *See also* <u>Aifos Trade SA v. Midgulf International Ltd,</u>, *supra*, (holding that countersecurity is to only cover the "damages demanded in the counterclaim"), a copy of which is attached as Exhibit "C."

Accordingly, it is respectfully requested that this Honorable Court enter an Order denying defendant's motion for countersecurity in all respects.

### c. *Granting Defendant's demand for countersecurity would not be equitable and would result in a grave injustice to Plaintiff.*

MMTREND argues that the Court *"should balance the equities of the parties and grant the defendant security for costs in the same amount as that alleged to be reasonable by the plaintiff."* *See* Docket Entry #10, at p.4. Respectfully, under the facts and circumstances of this matter, this argument is without merit.

Specifically, Defendant has argued that the court should grant its application in order to *"place the parties on an equality as regards security . . . ,"* [4] and *"this Court [should] exercise its broad discretion in connection with Mmtrend's security for costs request which exactly mirrors the amount sought by Biaggio."* [5] Defendant has further argued, *"The notion of placing the parties on equal grounds usually favors granting counter-security when a defendant whose property has been attached asserts non-frivolous counter-claims growing out of the same transaction."* However, MMTREND has failed to completely state the applicable law, and has glaringly failed to apply these self-serving statements to the facts of this matter. *See* above cited case law. As more fully set forth above and below, there is simply no factual basis to compel this Court to ignore the clear language of Supplemental Rule E and the case law precedent which has applied it to similar Rule B attachment matters.

Here, Plaintiff has wholly failed to assert a counter claim against Plaintiff, let alone a non-frivolous one. Also, as Defendant rightly points out, Plaintiff has obtained an order of attachment for <u>USD 550,000;</u> (of which USD 450,000 relates to the principle amount of Plaintiff's underlying claim and USD 100,000 is for Plaintiff's claim for

---

[4] *See* Docket Entry #10, pps 10-11
[5] *See* Docket Entry, at p. 9.

interest, costs and legal fees).[6]  However, to date, Plaintiff has ***only*** attached USD

100,000.[7]  Clearly, Plaintiff is not even close to being secured for the principal amount it

is already out of pocket and has not yet attached one penny as security for its claim for

interest, costs and attorney's fees, which are continuing to grow each day.  To permit

Defendant to obtain full countersecurity for its (potential) future defense costs (which

may or may not ever be incurred) would be wholly inequitable and serve to ensure that

Plaintiff continues to remain "behind the eight ball" with respect to recovering the

significant damages it has been caused to suffer due to defendants breach of the voyage

charter agreement.

Accordingly, it is respectfully requested that this Honorable Court enter an Order

denying in all respects defendant's motion for countersecurity.

### d.  *MMTREND is not seeking equity, but rather to impermissibly gain leverage, as well as an unfair tactical negotiating advantage, over BIAGGIO.*

MMTREND's demand for countersecurity has not truly been propounded in an

effort to put the parties "on equal footing."  Rather, the application has clearly been

submitted in the hopes that this Court will, to some extent, grant Defendant's motion and

provide it with a marked tactical advantage over Plaintiff. This is further underscored by

MMTREND's failure to even attempt to present any independent calculation of the costs

Defendant believes it might incur in defending Plaintiff's claims.  Instead, Defendant

simply alleges that the Court should "*grant the defendant security for costs in the same*

*amount as that alleged to be reasonable by plaintiff*." *See* Docket # 10 at p. 4. This sort

---

[6] *See* Complaint at paras. 15-17.
[7] It is believed that Defendant is using alter ego companies or other paying agents to transact its business in US dollars in order to avoid having additional funds attached and to frustrate the pending order of attachment Plaintiff sought and properly obtained.

of unfair pursuit of a tactical advantage should not, and does not, find favor in maritime attachment actions. *See* <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty, Ltd.</u>, 384 F.Supp. d 726, 730 (S.D.N.Y 2006), *rvsd on other grounds,* 460 F.3d 434 (2d. Cir. 2006).   In <u>Aqua Stoli</u>, Judge Rakoff held that "tit for tat" retaliation, such as that sought by MMTREND, is improper in maritime attachment matters. *Id.*

Additionally, it is further respectfully submitted that Defendant's motion, if granted would cause Plaintiff to incur significant costs and expenses that would be unduly burdensome and prejudicial to Plaintiff's ability to continue to pursue its claim.  It is well settled that the Supplemental Rules are "not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit or, on that same logic, from maintaining an action." *See* <u>North Offshore AS v. Rolv Berg Drive AS</u>, 2007 U.S. Dist. LEXIS 87648 at *10. *See also,* <u>Result Shipping Co. v. Ferruzi Trading USA Inc.</u>, 56 F.3d 392, 399,(2d Cir. 1995).

Accordingly, it is respectfully requested that this Honorable Court enter an Order denying in all respects defendant's motion for countersecurity.

## DEFENDANT'S RELIANCE ON THE AUTHORITY CITED IS MISPLACED

MMTREND's reliance on <u>Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd</u>, 2007 U.S. Dist. LEXIS 79685 (S.D.N.Y. Oct. 18, 2007) is misplaced.  There, Judge Chin's Order directing Fednav to provide countersecurity for defendant Sunwoo's costs was supported by the presence of an actual counterclaim in the amount of $92,289.35.  Similarly, MMTREND's citation to <u>Ullises Shipping Corp. v. FAL Shipping Co. Ltd.</u>, 415 F. Supp. 2d 318 (S.D.N.Y 2006), *overrules as stated in* <u>Tideline Inc. v. Eastrade v. Commodities, Inc.</u>, 2006 U.S. Dist LEXIS 95870, 2007 A.M.C. 252 (S.D.N.Y

2006), does not provide support to defendant's argument.  Judge Schiendlin's decision, without citation to any caselaw, briefly states that the claimed expenses and costs were "intextricably intertwined with the original transaction" and thus that countersecurity for the same was permitted under Rule E(7).  However, this clearly does <u>not</u> comport with the plain language of the rule.  Moreover, in that case, the demand for countersecurity was stipulated by Plaintiff's counsel.  Here, Plaintiff respectfully submits that defendant is not entitled to countersecurity for its costs unless and until an application has been made to a panel of London arbitrators, who after receiving briefing from both parties, find that defendant is entitled to countersecurity.  To date, Defendant has failed to make any such application in the appropriate forum. *See* Skinitis Declaration, at paras. 19-20.

Accordingly, it is respectfully requested that this Honorable Court enter an Order denying in all respects defendant's motion for countersecurity.

## CONCLUSION

WHEREFORE, and for the reasons more fully set forth above and in the accompanying declaration of Soto Skinitis, Esq., Plaintiff, BIAGGIO SHIPPING S.A., respectfully requests this Honorable Court enter an Order denying MMTREND'S motion to compel Plaintiff to provide countersecurity and for such other and further relief which the Court deems just and proper under the circumstances.

Dated: Oyster Bay, New York
       July 2, 2008

Respectfully submitted,

CHALOS & CO, P.C.
Attorneys for Plaintiff,
BIAGGIO SHIPPING S.A.

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel:    (516)-714-4300
Fax:    (866)-702-4577
Email:  gmc@chaloslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing, "Memorandum of Law In Opposition" (with attachments) and accompanying declaration of Soto Skinitis, Esq. was filed electronically and served by mail on anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

George M. Chalos

# Exhibit "A"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-2-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
MED-ASIA SHIPPING LTD.,                    :
                                           :
                          Plaintiff,       :
                                           :
            -against-                      :
                                           :
COSCO BEIJING INTERNATIONAL                :
FREIGHT CO., LTD.,                         :
                                           :
                          Defendant.       :
----------------------------------------------------X

07 Civ. 9624 (RMB)

**DECISION AND ORDER**

## I.    Background

On or about October 30, 2007, Med-Asia Shipping Ltd. ("Plaintiff") filed a verified

complaint ("Complaint") against Cosco Beijing International Freight Co., Ltd. ("Defendant") for

the alleged breach of a maritime contract of charter ("Charter") dated June 5, 2007.  (Compl. at

1–2.)  Plaintiff claims that Defendant owes Plaintiff $389,922.94 in damages and expenses under

the Charter following "the re-lashing of Defendant's cargo at Singapore." (Compl. at 2–3.)  On

October 30, 2007, the Court issued an Order for Process of Maritime Attachment pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure ("Supplemental Rules").  (Order of Attachment ("Order"), dated Oct.

30, 2007.)

On or about February 7, 2008, Defendant moved "pursuant to Rule E(7) and/or Rule

E(2)(b) of the Supplemental Rules . . . for an Order requiring Plaintiff . . . to provide . . . security

for costs in the amount of $100,000.00 to Defendant" arguing that if Defendant "successfully

defends itself in the [Hong Kong] Arbitration, it will be entitled to recover its attorney's fees and

certain litigation/arbitration expenses which it estimates to be $75,000 and $25,000,

respectively." (Notice of Mot. for Countersecurity Pursuant to Supplemental Rules E(7) and/or

for Security for Cost Pursuant to Supplemental Rule E(2)(b) ("Motion"), dated Feb. 7, 2007, at 1;

Aff. of LeRoy Lambert, dated Feb. 7, 2008, Ex. 4 at 3.) On or about February 15, 2008, Plaintiff

filed an opposition brief ("Opposition") arguing, among other things, that Defendant is "not

entitled to []security for the costs to be incurred in defending an affirmative claim." (Opp'n at

4.) On or about February 19, 2008, Defendant filed a reply brief ("Reply"). The parties waived

oral argument.

**For the reasons stated below, Defendant's Motion is denied.**

## II.    Legal Standard

Rule E(2)(b) of the Supplemental Rules grants the Court discretion "on the filing of the

complaint . . . or at any later time [to] require the plaintiff . . . to give security . . . in such sum as

the court shall direct to pay all costs and expenses that shall be awarded against the party."

Supplemental Rule E(2)(b); see also Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56

F.3d 394, 401 (2d Cir. 1995).

Under Rule E(7)(a) of the Supplemental Rules, "[w]hen a person who has given security

for damages in the original action asserts a counterclaim that arises from the transaction or

occurrence that is the subject of the original action, a plaintiff . . . must give security for damages

demanded in the counterclaim." Supplemental Rule E(7)(a); see also Result Shipping, 56 F.3d at

399–400.

## III.    Analysis

### (1) Rule E(2)(b)

Defendant argues that "Rule E(2)(b) offers . . . [a] remedy to achieve an equitable balance

in cases where, as here, the [D]efendant's counterclaim consists of 'costs,' which includes

attorney's fees, as that term is used in . . . Hong Kong." (Def.'s Mem. at 14–15.) Plaintiff

2

counters that the United States Court of Appeals for the Second Circuit in <u>Result Shipping</u> "denied a similar request for security for attorneys' fees." (Opp'n at 9.)

Defendant is not entitled to security for costs, including attorneys' fees, under Supplemental Rule E(2)(b) in this case. <u>Result Shipping</u>, 56 F.3d at 401–02. Under "the well-established 'American Rule' applicable in the federal courts . . . the prevailing party may not recover attorney's fees from the loser, absent statutory or contractual provisions to the contrary." <u>Id.</u> Although foreign "rules of practice with respect to attorney's fees . . . [may require] an attaching plaintiff to post an undertaking to pay the defendant all costs and damages . . . if it is ultimately determined that the plaintiff was 'not entitled to' the [maritime] attachment," such rules "are not applicable in federal court." <u>Id.</u> at 401 n.4.

**(2) Rule E(7)(a)**

Defendant also argues that its claim for costs, including attorneys' fees, constitutes a counterclaim under Rule E(7)(a) because it "is based on the same contract and events giving rise to the alleged breach . . . as Plaintiff's claim" and Defendant's costs are "inextricably linked with the original transaction that is the subject of the [Hong Kong proceeding]." (Def.'s Mem. at 11–12.) Plaintiff counters that Defendant's "alleged defense costs" do not constitute "a proper counterclaim in the underlying proceeding." (Opp'n at 4.)

Since Defendant asserts "no counterclaim . . . but only a request for costs and attorneys' fees," Defendant cannot avail itself of Rule E(7)(a). <u>Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS</u>, 409 F. Supp.2d 316, 324 n.3 (S.D.N.Y. 2005); <u>see</u> <u>also</u> <u>Pancoast Trading S.A. v. Eurograni S.R.L.</u>, No. 07 Civ. 8581, 2008 WL 190376, at *1 (S.D.N.Y. Jan. 22, 2008). "[T]he expense of . . . defending against the original complaint [is] a purpose that is beyond the scope of

Rule E(7)(a)." <u>Aifos Trade SA v. Midgulf Int'l Ltd.</u>, No. 06 Civ. 203 (S.D.N.Y. May 1, 2006)

(citation omitted).

**IV.     Conclusion and Order**

    For the reasons stated above, the Court denies Defendant's Motion [#14].

Dated:  New York, New York
       April 2, 2008

                             _RMB_

                        **RICHARD M. BERMAN,  U.S.D.J.**

# Exhibit "B"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DAEYANG SHIPPING CO. LTD.,          :
                                    :
                        Plaintiff,  :     **ORDER DENYING MOTION**
                                    :     **FOR COUNTERSECURITY**
                                    :
            -against-               :     05 Civ. 7522 (AKH)
                                    :
FLAME S.A.,                         :
                                    :
                        Defendant.  :
------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      There not being a claim or counter claim by the party moving for

countersecurity, Flame S.A., against plaintiff, Daeyang Shipping Co. Ltd., in either

arbitration or judicial litigation, and no other sufficient ground for countersecurity having

been given, defendant Flame's motion for countersecurity is denied.

      SO ORDERED.

Dated:     New York, New York
          May _10_, 2006

                                        ALVIN K. HELLERSTEIN
                                     United States District Judge

1

# Exhibit "C"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AIFOS TRADE SA,                          :        06 Civ. 203 (SHS)
                                         :
                    Plaintiff,           :        ORDER
                                         :
          -against-                      :
                                         :
MIDGULF INTERNATIONAL LTD.,              :
                                         :
                    Defendant.           :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Having reviewed the submissions of the parties, including the April 21, 2006 letter from

defendant, and hearing oral argument on April 21, IT IS HEREBY ORDERED THAT:

1.       Midgulf International Ltd.'s motion to vacate the attachment of its funds held by

the Bank of New York and to dismiss this action is denied.  Rule E(4)(f) of the Supplemental

Rules for Certain Admiralty and Maritime Claims places the burden of justifying the order of

maritime attachment on plaintiff Aifos Trade SA.  Aifos Trade has met this burden, as it has

established that it has an in personam claim against Midgulf that is cognizable in admiralty,

Midgulf cannot be found in the Southern District of New York, property of Midgulf can be

found here and there is no statutory or general maritime law prohibition to the attachment.  See

Tramp Oil & Marine Ltd. v. Ocean Navigation (Hellas), No. 03 Civ. 5265, 2004 WL 1040701,

*1 (S.D.N.Y. May 7, 2004), citing 2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 21-

2, at 470 (2d ed. 1994).  Midgulf asserts that the property attached was not its own because those

funds had been irrevocably assigned to a third party, the Jordan Investment and Finance Bank

("JIFB").  However, the evidence provided to the Court shows that at the time of the attachment,

1

Midgulf retained at least some legal interest in the attached funds, and that is all that is required

by Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. See HBC

Hamburg Bulk Carriers GMBH & Co. KG v. Proteinas y Oleicos S.A. de C.V., No. 04 Civ.

6884, 2005 WL 1036127, *4 (S.D.N.Y. May 4, 2005) ("Rule B is intended to impact any

property in which the defendant has a legal interest. Nothing in the language of Rule B requires

that the property attached be the exclusive property of the defendant"). The Court notes that (a)

the source of the funds was a debt owed to defendant, which the law recognizes as attachable

property, see, e.g., Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 276 (2d Cir. 2002); (b) it is

Midgulf, not JIFB, that has moved to vacate the order of attachment; (c) the remainder of the

assigned funds that were not attached have not been accepted by JIFB, but rather "remain[] at

Midgulf's account with JIFB" (Decl. of Ibrahim Farraj dated Mar. 17, 2006 ("Farraj Decl.") ¶

13); and (d) defendant's own moving papers state that it brought this motion to vacate "to protect

its interest in attached funds" (Def.'s Mem. of Law in Support of Order to Show Cause to Vacate

the Attachment at 1).

Defendant also asserts that the case should be dismissed and the attachment vacated on

the ground of forum non conveniens. However, Rule B contemplates a measure of

inconvenience for the defendant. See Linea Navira De Cabotaje, C.A. v. Mar Caribe De

Navegacion, C.A., 169 F. Supp. 2d 1341, 1352-1353 (M.D. Fla. 2001) ("The very nature of Rule

B assumes that the defendant cannot be found in the district.... Supplemental Rule B attachment

is premised upon and exists only if it is inconvenient. If complaints of inconvenience could

remove an action from this forum, then the Rule would be rendered hollow."). The only case

relied upon by defendant, SMT Shipmanagement & Transport Ltd. v. Maritima Ordaz C.A., et

al., Nos. 00 Civ. 5789, 00Civ. 6352, 01 Civ. 0013, 2001 WL 930837 (S.D.N.Y. Aug. 15, 2001),

is inapposite because the district court ruled on the question of forum non conveniens in that case

not on an expedited motion to vacate the attachment, as is the state of affairs here, but rather on

the basis of motions to dismiss and for summary judgment.

Finally, Midgulf urges that Aifos Trade has failed to show that the attachment is

necessary.  Case law in this district is not settled as to whether plaintiffs must make a showing of

need in order to maintain an attachment.  Compare Blake Maritime, Inc. v. Petrom S.A., No. 05

Civ. 8033, 2005 WL 2875335, *2 (S.D.N.Y. Oct. 31, 2005) ("On its face, [Rule B] does not

mandate a showing of need or necessity in order for plaintiff to obtain security.... There is no

mention of a showing of necessity or fairness at all.") with Seaplus Line Co. Ltd. v.

Bulkhandling Handymax AS, 409 F. Supp. 2d 316, 323 (S.D.N.Y. 2005) (holding that plaintiff

"bears the burden of demonstrating, by a preponderance of the evidence, that the attachment is

necessary to effectuate one of the two purposes of Supplemental Rule B": obtaining jurisdiction

or securing a judgment).

Here, the Court does not need to decide which line of authority to follow because Aifos

Trade has established by a preponderance of the evidence that the attachment is necessary to

provide security for a possible judgment in the underlying dispute.  Midgulf has no United States

office, has no identified assets in the United States and has not offered to post substitute security.

Cf. Allied Maritime, Inc. v. The Rice Corporation, No. 04 Civ. 7029, 2004 WL 2284389, *2

(S.D.N.Y. Oct. 12, 2004) (vacating order of attachment because defendant was "one of the

largest rice trading companies in the world, with more than $575,000,000 in sales in 2003"; had

maintained offices in the district for more than ten years; had "more than enough" assets in the

3

district itself to satisfy plaintiff's claim; and plaintiff had refused to accept, without justification, defendant's offer of substitute security). Midgulf's only evidence supporting its ability to pay a judgment is a declaration from its chief financial officer that the company "for the last two years has had revenues in excess of 65 million U.S. dollars per year" (Farraj Decl. ¶ 14) – a number that, by itself, does not provide adequate information since the Court does not know such information as the company's total U.S. assets or its overall debt.

2.      Aifos Trade shall post countersecurity in the amount of $51,000. The Court possesses broad discretion in deciding whether to order countersecurity. See Result Shipping Co. Ltd. v. Ferruzzi Trading, 56 F.3d 394, 399 (2d Cir. 1995); Dongbu Express Co., Ltd. v. Navios Corp., 944 F. Supp. 235, 239 (S.D.N.Y. 1996). In exercising this discretion, the Court is guided by two principles: (1) the purpose of countersecurity is to place the parties on an equal footing in regard to security and (2) the Court should avoid the imposition of burdensome costs on a plaintiff that might prevent it from bringing suit. See Result Shipping, 56 F.3d at 399; Dongbu Express, 944 F. Supp. at 239. Midgulf has requested that Aifos Trade post countersecurity of $120,905, an amount which includes $30,000 in arbitrators' fees and expenses and $50,000 in attorneys' fees and expenses – and which is nearly four times the size of the $34,212.58 counterclaim. Defendant's request is excessive because it appears to incorporate the expense of not only prosecuting its counterclaim, but also of defending against the original complaint, a purpose that is beyond the scope of Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which provides that countersecurity is to cover only the "damages demanded in the counterclaim." The Court finds that countersecurity in the amount of $51,000 is appropriate. That number includes the full amount of the counterclaim plus interest,

as well as attorneys' fees and arbitrators' costs of $10,000, which is a reasonable estimate of the

cost of prosecuting the counterclaim.  This amount will place the parties on equal footing in

regard to security for their respective claims and should not deter plaintiffs in maritime actions

from bringing suit.

Dated: New York, New York
       May 1, 2006

                                        SO ORDERED:

                                        _____
                                        Sidney H. Stein, U.S.D.J.