UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BIAGGIO SHIPHOLDING S.A.,

                          Plaintiff,                    08 CV 3236 (JGK)

-v-

MMTREND LLC,

                          Defendants.
-------------------------------------------------------x

I, SOTOS SKINITIS, Esq. pursuant to Section 1746 of Title 18 United States Code, hereby declare and say the following under the penalty of perjury:

1. I am an individual of sound mind and body, and have never been convicted of a crime of moral turpitude.

2. I am a qualified English Solicitor and principal of Law Office Skinitis.

3. Law Offices Skinitis has a principal place of business at 99 Akti Miaouli, Piraeus 185 38,Greece and an associated office at Cannongate House, 64 Cannon Street, London EC4N 6AE.

4. I have been instructed to act on behalf of BIAGGIO SHIPHOLDING S.A. (hereinafter "BIAGGIO") in connection with, inter alia, its indemnity claims against MMTREND LLC. It is the indemnity claim more fully described herein, which forms the basis of Rule B attachment action presently pending before this Honorable Court.

5. I am fully familiar with the facts and circumstances of this case and make this declaration based upon my personal knowledge, my discussions with my client, the documents and materials maintained by my client and the documents and materials maintained in my office.

6. On or about November 27, 2007, BIAGGIO, as owner of the M/V ARBALIST, and MMTRREND, as charterer, entered into a voyage

       charter, for the carriage of certain steel products from Diliskelesi (Antintel), Turkey to Aden, Yemen.

7. The voyage charter agreement, memorialized on a "GENCON"" charter party form, is a maritime contract.

8. The voyage charter party also contained an English law choice of law clause and a London arbitration clause.

9. On January 21, 2008, the M/V ARBALIST arrived at the discharge port if Aden, Yemen and commenced discharging of the steel cargo it loaded in Turkey.

10. On January 28, 2008, BIAGGIO was notified by the ship's agent that the receivers presented a claim for cargo damage (rust) and cargo shortage.

11. The total amount of the two (2) claims was US$1,106,880.

12. On February 4, 2008, the receivers arrested the vessel by Court Order and the following day, the receivers reduced their claim to US$885,398.00.

13. Despite MMTREND's obligations under the voyage charter agreement, MMTREND refused to respond to the claim presented by the receivers and BIAGGIO was forced to negotiate a settlement of the claim in order to obtain the release of the vessel arrest.

14. On or about February 12, 2008, BIAGGIO remitted two (2) wire transfers to the receivers in full satisfaction of the claims presented. One transfer, in the amount of US$165,000.00, satisfied the claim regarding the damaged cargo (rust damage). The other transfer, in the amount of US$285,000.00, satisfied the claim regarding the shortage of cargo.

15. In summary, BIAGGIO was forced to pay the receivers US$450,000.00 to settle the claims presented by the receivers and to obtain the release of the vessel from arrest.

16. Pursuant to the terms of the voyage charter agreement, MMTREND was responsible for the loading, stowing, securing and lashing of the cargo, as well as the discharging of the cargo, free of any risk, liability and expense whatsoever to the vessel Owners, BIAGGIO.

17. Despite MMTREND's clear and unequivocal contractual obligations to BIAGGIO, MMTREND has failed, neglected and/or otherwise refused to perform its obligations under the voyage charter agreement.

18. BIAGGIO has presented repeated demands for repayment of the US$450,000 plus interests, costs and expenses by MMTREND, however, to date, for reasons which remain unclear, MMTREND has failed, neglected and/or otherwise refused to pay BIAGGIO the sums properly due and owing.

19. To date, MMTREND has not asserted any counterclaims as against BIAGGIO, nor has any bona fide evidence of any such counterclaims been presented by MMTREND to BIAGGIO.

20. MMTREND does not have any claims against BIAGGIO arising out of the subject voyage and arrest noted above.

21. For the sake of completeness, I wish to bring it to the Court's attention that whilst MMTREND seek security for their costs from BIAGGIO, the correct forum for such an application is in the London Arbitration which will be held to resolve the issue of MMTREND's liability. The correct procedure is for the parties to constitute a Tribunal in London (which has yet to be done) and thereafter if MMTREND feel that there is a risk that they may be unable to recover their costs in the event that they successfully defend the claim, an application is made to the Tribunal which, if successful, will order BIAGGIO to put up a bank guarantee or make a payment into an escrow account. BIAGGIO is obviously at liberty to oppose this application and is entitled to serve written submissions to that effect. In the event that the Tribunal feels that there is no risk to MMTREND security for costs will not be ordered. The fact of the matter is that the issue of security for costs relates to the arbitration, and the parties expressly agreed in the charter that the jurisdiction for the arbitration was in London.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

Dated:   Piraeus, Greece
         July 1, 2008

_____
Sotos Skinitis, Esq.

SOTOS DIAMANTIS SKINITIS
(ΣΩΤΟΣ ΔΙΑΜΑΝΤΗΣ ΣΚΗΝΙΤΗΣ)
ΔΙΚΗΓΟΡΟΣ (SOLICITOR) Α.Μ.Δ.Σ.Π. 50049
ΑΚΤΗ ΜΙΑΟΥΛΗ 99, ΠΕΙΡΑΙΑΣ 185 38
Α.Φ.Μ. 133235238 - Δ.Ο.Υ. Γ' ΠΕΙΡΑΙΑ

ARB/SS/2104.1