Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
MMTREND LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

BIAGGIO SHIPHOLDING S.A.,

   Plaintiff,

  -against-

MMTREND LLC,

   Defendant.

08 Civ. 3236 (JGK)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR SECURITY FOR COSTS**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 4

    A.   SUPPLEMENTAL RULE E(7) IS IRRELEVANT TO THIS MOTION ................................. 4

    B.   SUPPLEMENTAL RULE E(2)(B) SECURITY FOR COSTS IS WARRANTED UNDER THE CIRCUMSTANCES OF THIS CASE. .................................................................................. 4

        1.   The voyage charter at issue supports Mmtrend's application. ................................. 4

        2.   Mmtrend's request is neither inequitable nor tactical. .............................................. 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*,
  460 F.3d 439 (2d Cir. 2006)..........................................................................................7

*Fednav Int'l Ltd. v. Sunwoo Merchant Marine Co.*,
  No. 07 Civ. 3886 (DC), 2007 WL 3051669 (S.D.N.Y. Oct. 18, 2007) ......................8

*Med-Asia Shipping Ltd. v. COSCO Beijing Int'l Freight Co.*,
  No. 07 Civ. 9624, 2008 WL 925331 (S.D.N.Y. Apr. 2, 2008).................................5, 7

*Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*,
  56 F.3d 394 (2d Cir. 1995) .....................................................................................5, 6, 7

*Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS*,
  409 F. Supp. 2d 316 (S.D.N.Y. 2005).........................................................................4, 9

*Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979,
  2006 WL 4459297, 2007 A.M.C. 252 (S.D.N.Y. Aug. 15, 2006)..............................7

*Ullises Shipping Corp. v. FAL Shipping Co.*,
  415 F. Supp. 2d 318 (S.D.N.Y. 2006)....................................................................7, 8, 9

### DOCKETED CASES

*Aifos Trade S.A. v. Midgulf Int'l Ltd.*,
  No. 06 Civ. 203 (S.D.N.Y. 2006) ..................................................................................7

*Daeyang Shipping Co. Ltd. v. Flame, S.A.*,
  05 Civ. 7522 (S.D.N.Y. 2006) .......................................................................................7

Defendant, Mmtrend LLC ("Mmtrend" or "Defendant"), respectfully submits this reply memorandum of law in further support of its motion for costs against Plaintiff Biaggio Shipholding S.A. ("Biaggio" or "Plaintiff"), pursuant to Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## PRELIMINARY STATEMENT

MMtrend's moving motion consisted of a simple request to the Court: grant it security for attorneys' fees costs in connection with a foreign arbitration that will determine the underlying substantive dispute between the parties – in the same amount of costs as Plaintiff sought and was granted in its Rule B application. Biaggio's opposition to Mmtrend's motion goes to great lengths to ignore the realities of Supplemental Rule E(2)(b). Plaintiff disregards the undisputable fact that this Court has the discretion to "require" security for costs be posted by Biaggio. Tellingly, Plaintiff's initial and primary argument is based on the false premise that Mmtrend seeks security for costs under Supplemental Rule E(7). Although Mmtrend's moving memorandum of law makes clear that its application is make pursuant to Supplemental Rule E(2)(b) only, should there have been any doubt as to the basis upon which MMtrend sought security, Plaintiff need only have reviewed the notice of motion which only references Supplemental Rule E(2)(b).

Biaggio's "factual" support also is suspect. First, the supporting declaration from Biaggio's solicitor easily could, but does not, challenge the reasonableness of Mmtrend's security for costs request. Why? Because the amount sought is identical to Biaggio's own request. Second, although Biaggio's solicitor explicitly states that he is "fully familiar with the facts and circumstances of this case," *see* Declaration of Sotos Skinitis, Esq. dated July 1, 2008 ("Skinitis Decl."), ¶ 5, he specifically misrepresents the following facts:

> 19. To date, ***MMTREND has not asserted any counterclaims as against BIAGGIO***, nor has any bona fide evidence of any such counterclaims been presented by MMTREND to BIAGGIO.
>
> 20. ***MMTREND does not have any claims against BIAGGIO arising out of the subject voyage and arrest noted above***.

Skinitis Decl., ¶¶ 19-20 (emphasis added).

As Exhibit 1 attached to the accompanying Reply Affidavit of Michael J. Frevola ("Frevola Reply Aff.) demonstrates, on May 22, 2008 counsel for Mmtrend wrote to both Biaggio ***and Mr. Skinitis*** and advised that Mmtrend was damaged in the estimated amount of $350,000 by the late presentation of the *M/V ARBALIST* at the load port, as well as the vessel's short loading, for the very voyage in question under the same charter party. A telefax confirmation sheet is also included with Exhibit 1 to confirm that the telefax was received by Mr. Skinitis' fax machine. Nevertheless, in a declaration made under perjury six weeks later, Mr. Skinitis avers that "***MMTREND has not asserted any counterclaims as against BIAGGIO***" and "***MMTREND does not have any claims against BIAGGIO arising out of the subject voyage and arrest noted above***." But even Mr. Skinitis does not challenge the quantum of Mmtrend's security for costs application.[1]

When turning to Mmtrend's actual argument under Supplemental Rule E(2)(b), Biaggio erroneously misstates the Second Circuit's holding in *Result Shipping* in an effort to claim that Mmtrend's application is precluded by the holding. It is not. *Result Shipping* is distinguishable on its facts, providing no comfort for Biaggio here. Biaggio also argues that Mmtrend's request should be denied because of the amount it has attached to date ($100,000), that it would be prejudiced by having to provide any security to MMtrend, that Mmtrend has not provided

---

[1] Mmtrend has not yet asserted its counterclaim in London arbitration because, as explained further below, Biaggio has not yet commenced a London arbitration. Mmtrend intends to assert its counterclaim in London when (and if) Biaggio commences that proceeding, and reserves its right here to seek counter-security under Supplemental Rule E(7) at such time when Biaggio commences such a proceeding.

2

evidence to support its estimated attorneys' fees, and that the application is being made here rather then in London arbitration. But these protestations are curious for many reasons:

1. Biaggio has at least obtained some security for its alleged damages in support of an arbitration it has yet to commence, despite three months having passed since Biaggio first attached Mmtrend's assets through process issued in this proceeding. While Biaggio has not yet obtained full security (although it may yet do so), a plaintiff is not guaranteed security by filing a Rule B application. Furthermore, Mmtrend is entitled to seek security for costs under Supplemental Rule E(2)(b) regardless of the amount attached to date.

2. No evidence of "prejudice" is proffered by Plaintiff if Mmtrend's motion is granted. Even the declaration of its English solicitor fails to address any prejudice Biaggio would suffer. As such, the Court should not give this issue any consideration when exercising its discretion.

3. Biaggio complains of a lack of evidence to support MMtrend's estimate for arbitration costs. But such documented estimate is not required under Supplemental Rule E(2)(b), Plaintiff itself made the same assertions in its Verified Complaint when seeking the same amount, and – perhaps most tellingly – Plaintiff's own solicitor does not question the quantum of Mmtrend's estimate.

4. Because Plaintiff has failed to commence arbitration in London, as required under the charter party agreement, it is disingenuous to claim that Mmtrend's application for costs should be made there. This is especially so when Plaintiff itself sought and obtained arbitration costs here by way of its Rule B application.

In its Verified Complaint, Biaggio did not have to request security for its fees expected to be incurred in London arbitration. But it chose to do so, knowing full well (or at least having

3

constructive notice) that Rule E(2)(b) permits Mmtrend to request security for its own costs. MMtrend's security request for arbitration attorneys' fees costs are both reasonable and warranted in light of the allegations made by Biaggio. This Court should exercise its discretion in favor of granting security in an equal amount to that was sought and obtained by Biaggio.

## ARGUMENT

### A. Supplemental Rule E(7) is irrelevant to this Motion.

This Court may disregard Plaintiff's first argument in opposition to Mmtrend's motion which erroneously focuses on Supplemental Rule E(7). (Biaggio Br. at 2-5). In Mmtrend's Answer, it did not assert a counter-claim, a prerequisite for counter-security under Supplemental Rule E(7). *See Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS*, 409 F. Supp. 2d 316, 324 (S.D.N.Y. 2005). Fully aware of the well-settled law on this issue, MMtrend's motion is solely based on Supplemental Rule E(2)(b), which does not require the filing of a counter-claim. This is made clear by MMtrend's Notice of Motion which sought:

> [A]n order pursuant to Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, directing (a) Plaintiff Biaggio Shipholding S.A. to give security for attorneys' fees costs to Mmtrend.

Mmtrend's Notice of Motion dated June 6, 2008 (Docket Entry No. 9), at 1.

As such, the Court need only address the parties' Supplemental Rule E(2)(b) authority in connection with MMtrend's motion.

### B. Supplemental Rule E(2)(b) Security for Costs is Warranted Under the Circumstances of this Case.

#### 1. The voyage charter at issue supports Mmtrend's application.

Plaintiff claims that Mmtrend has failed to cite "any contractual clause, applicable statute or other common law authority" in support of its request for arbitration defense costs. (Biaggio Br. at 5). This is false. Mmtrend relies on the same contractual clause Biaggio relied upon when

4

making its Rule B application, the *M/V ARBALIST* voyage charter party arbitration clause. In paragraph 16 of its Verified Complaint, Biaggio states:

> Pursuant to the terms of the voyage charter-party, all disputes arising there under [sic] are to be submitted to London arbitration ***with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees***.

Verified Complaint (Docket Entry No. 1), at 3 (emphasis added).

In the declaration submitted by Biaggio's English law solicitor, Mr. Sotos Skinitis, dated July 1, 2008, he confirms MMtrend would be entitled to seek costs in London, though he believes said costs should be sought there. (Skinitis Decl. ¶ 21). Of course, Biaggio also could have petitioned a London arbitration panel for security on its own claims, but it chose to seek such security before this Court. In doing so, Biaggio submitted itself to the jurisdiction of this Court and to its rules, including Supplemental Rule E(2)(b). The Skinitis Declaration is important because it tellingly does not challenge the quantum of Mmtrend's security request. Of course, such a contention would undercut the legitimacy of Biaggio's own request regarding estimated costs in London arbitration. The Skinitis Declaration also makes clear that both Biaggio *and* Mmtrend are entitled to recover their fees and costs in connection with the London arbitration, depending on which party prevails.

The voyage charter's London arbitration provision distinguishes the posture of the security request in this case from the one examined in *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 399 (2d Cir. 1995), and in turn the security application made in *Med-Asia Shipping Ltd. v. Cosco Beijing Int'l Freight Co.*, No. 07 Civ. 9624, 2008 WL 925331 (S.D.N.Y. Apr. 2, 2008), which solely relied upon *Result Shipping* when denying the defendant's request in that case.

5

In *Result Shipping*, the defendant sought counter-security under Supplemental Rule E(7) and separately security for costs under Supplemental Rule E(2)(b). 56 F.3d at 398. When describing the Supplemental Rule E(2)(b) relief sought, the Second Circuit stated "[f]inally, [the defendant] moved for security for all costs and expenses ***that might be ordered against [the plaintiff] in the trial or on appeal***." *Id.* (emphasis noted). This was stated after noting the defendant argued that the plaintiff waived its right to arbitration by filing a Rule B application. *Id.* Thus, the defendant in *Result Shipping* contended that the parties' dispute was to be resolved in trial and appeal ***before the U.S. court***, not in London arbitration. Under those circumstances, it was appropriate for the *Result Shipping* court to raise the "American Rule" which does not allow attorneys' fees for U.S. litigation expenses unless specifically provided for in a contract, statute or otherwise. Thus, the court concluded that the defendant "has pointed to no federal statute authorizing awards of attorneys' fees to a prevailing defendant in a maritime case merely because the litigation was initiated by attachment." *Id.* at 401.

If no arbitration clause existed between the parties and Biaggio sought to pursue its claims on the merits in this jurisdiction, *Result Shipping* would apply. In such a situation, Mmtrend would not have a basis to seek security because the "American Rule" would not call for an award of attorneys' fees. Significantly, in such a situation Biaggio likewise would not be entitled to claim for ***its own*** attorneys' fees.

Here, of course, the parties agree that London arbitration is proper. They also agree that costs are recoverable by the prevailing party. Mmtrend even does not contest that Biaggio can seek to secure its fees and costs in London arbitration. Biaggio, however, incongruously contends that it should be entitled to secure its own costs but Mmtrend somehow should not.

6

Following Biaggio's argument would fly in the face of the equitable discretion given the Court under Rule E(2)(b).

Biaggio's reliance on *Med-Asia* is also unavailing. Biaggio merely block-copies the portion of the opinion focusing on *Result Shipping* which Mmtrend has distinguished from the case at bar. Moreover, the *Med-Asia* court's reliance on footnote four of the *Result Shipping* holding in particular is curious since the Second Circuit merely noted that the authority relied upon by the defendant was a case where New York state law is cited in order to allow the posting of a bond for costs. 2008 WL 925331, at *2 (citing *Result Shipping*, 56 F.3d at 201 n.4). Mmtrend does not rely on state rules of practice here.

Biaggio also relies on *Daeyang Shipping Co. Ltd. v. Flame, S.A.*, 05 Civ. 7522 (S.D.N.Y. 6), and *Aifos Trade S.A. v. Midgulf Int'l Ltd.*, No. 06 Civ. 203 (S.D.N.Y. 2006), in passing. In *Daeyang*, the defendant's grounds for seeking security were not stated, let alone any discussion of Supplemental Rule E(2)(b), making reliance on this holding erroneous. And reliance on *Aifos* is faulty because it is a Supplemental Rule E(7) case, not Supplemental Rule E(2)(b) application.

As for Biaggio's attempt to discredit Mmtrend's authority, Defendant respectfully submits Plaintiff reasoning is incorrect. While Biaggio notes that *Ullises Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d 318 (S.D.N.Y.2006) was overruled on certain issues, it fails to note that this was for other grounds and that *Ullises Shipping* has not been overruled with regard to the security for costs issue.[2] Indeed, as discussed below, *Ullises Shipping* has been followed with regard to the security for costs issue. Second, although the *Ullises Shipping* court's opinion

---

[2] Biaggio notes on the bottom of page 10 of its brief that the *Ullises Shipping* case was "overrules [sic] as stated in" *Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ 1979 (KMW), 2006 WL 4459297, 2007 A.M.C. 252 (S.D.N.Y. Aug. 15, 2006). The *Tide Line* decision states that the Second Circuit's decision in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 439 (2d Cir. 2006) overruled the need based inquiry employed by many district courts previously (including *Ullises Shipping*), *see Tide Line*, 2006 WL 4459297, 2007 A.M.C. at 257, and further opined that the "reasonable grounds" test used in *Ullises Shipping* was too strict of an inquiry to employ in determining whether to vacate an attachment at a Rule E(4)(f) hearing on a motion to vacate the plaintiff's attachment. *See id. Tide Line* never discusses security for costs under Rule E(2)(b).

7

does not specifically refer to Supplemental Rule E(2)(b) in awarding the defendants security for costs, it is clear that the costs were not awarded because of the wrongful attachment counterclaim alleged by the defendant as the counterclaim was conceded during oral argument to not be within the admiralty jurisdiction of the Court. 415 F. Supp. 2d at 329. Notwithstanding the lack of a counterclaim, the court ordered the plaintiff to post approximately $1.5 million in security for defendants' attorneys' fees and costs arising out of London litigation because they were intertwined with the underlying dispute, as is the case here. *Id.* And *Fednav Int'l Ltd. v. Sunwoo Merchant Marine Co.*, 07 Civ. 3886 (DC), 2007 WL 3051669 (S.D.N.Y. Oct. 18, 2007), in which Judge Chin cited the analysis in *Ullises Shipping* after *Tide Line* was decided, is cited by Mmtrend as an example of Judge Scheindlin's analysis being recognized and adopted by another court.

Mmtrend's costs application is reasonable and should be granted.

### 2. Mmtrend's request is neither inequitable nor tactical.

Biaggio's arguments concerning the "grave injustice" and "unfair tactics" being utilized by Mmtrend in seeking security for its fees and costs ignore the realities of this case. It is ironic at best and hypocritical at worst for Biaggio to claim it would be "wholly inequitable" for Mmtrend to obtain security for its "(potential) future costs (which may or may not ever be incurred)." Biaggio obtained an order and writ of attachment from this Court in part for $100,000 in estimated London arbitration attorneys' fees and costs ***that had yet to be incurred***. *See* Verified Complaint, ¶ 16 (disputes "are to be submitted" to arbitration); Skinitis Decl. ¶ 21 (July 1st declaration stating London arbitration "will be held."). Mmtrend simply acknowledges that the estimate provided by Plaintiff in its Verified Complaint is reasonable for what Mmtrend believes it will cost to vigorously defend itself in the London arbitration whenever it is commenced by Plaintiff. *See* Frevola Aff. ¶ 7. Although Biaggio proffers a declaration from an

English solicitor in opposition to Defendant's motion, the solicitor tellingly does not dispute the estimated costs for litigating the matter in English arbitration. Instead, he focuses on Defendant not having filed its costs application in the English arbitration. Again, the irony is apparent: Plaintiff has not yet commenced arbitration nor has it sought its own costs in London but rather has sought arbitration costs before this Court, but it argues that Mmtrend should do so.

Moreover, Mmtrend is not required to submit a declaration by an English solicitor as claimed by Biaggio. Biaggio did not support its fees and costs request in its Verified Complaint with any evidentiary support. And both the initial and reply Frevola Affidavits are verified representations as to the reasonableness of the estimate – a costly foreign declaration is not needed, nor does this Court need to enter in a battle of the experts on the appropriate estimate for attorneys' fees costs when the amount requested matches that obtained by Plaintiff. While declarations in support of arbitration costs were appropriate in *Ullises Shipping* where the London arbitration had progressed a significant amount, 415 F. Supp. 2d at 328-29, it is unnecessary here where Plaintiff has yet to commence London arbitration.

Plaintiff claims it would "incur significant costs and expenses" and be unable to continue with its Rule B application, but offers no proof of why this would be the case – besides the *ipse dixit* of its counsel. This is not a valid reason to reject Mmtrend's application. Indeed, if this truly were a concern, Biaggio could have taken such a concern out of play by merely not requesting security for its own costs here in New York. It chose not to do so, and Biaggio should be required to post security for Mmtrend's costs in kind.

Finally, a ruling requiring the plaintiff to post security for costs is equitable and sensible. This Court previously has noted that "the ease with which a maritime attachment may be obtained makes that remedy particularly susceptible to abuse." *Seaplus Line,* 409 F. Supp. 2d at

9

320 (citations omitted). By requiring a plaintiff to be prepared to post a similar amount of security for costs in the event that it loses its claims against the defendant, courts here (1) can ensure that plaintiffs do not exaggerate their estimated costs in overseas proceedings in order to impose greater financial hardship upon its adversary, and (2) can ensure that a defendant does not ultimately win in the foreign proceeding only to be denied recovering its costs when the plaintiff refuses to pay. Both of these equitable goals are admirably advanced by granting security for costs under Rule E(2)(b).

## CONCLUSION

Mmtrend has submitted a reasonable security request for its expected costs in defending the London arbitration that Plaintiff has yet to commence but which it itself sought costs for in its Rule B application. Having chosen to seek those costs in its Verified Complaint and obtained an order in support of the request, it cannot turn around now and protest when Mmtrend seeks equal relief. Hence, Mmtrend respectfully requests that this Court exercise its broad discretion and grant its motion for security for costs under Supplemental Rule E(2)(b) in the amount of $100,000, and award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 16, 2008

                                        Respectfully submitted,
                                        HOLLAND & KNIGHT LLP

                                   By:  _____
                                        Michael J. Frevola
                                        Christopher R. Nolan
                                        195 Broadway
                                        New York, New York 10007
                                        (212) 513-3200
                                        *Attorneys for Defendant Mmtrend LLC*

# 5456260_v1